### JACOB MELCHIOR plaintiff in error, *against* ROBERT RALSTON, assignee of ALEXANDER TOOD, a bankrupt.

*Court on error will not reverse a judgment entered in the Common Pleas, where no rule to plead had been entered, and it did not appear when the declaration was filed.*

WRIT of error to Philadelphia county. By the record returned, it appeared, that the defendant in error, had brought debt in the Common Pleas on an obligation to March term 1793, on which the now plaintiff had appeared by entry of special bail. Judgment was entered by default in June term following, but no rule to plead appeared to be entered, nor did it appear when the declaration was filed. It was stated in the record, that the "said Jacob, although solemnly called,

" comes not, nor says any thing in bar or preclusion of the action of the said Robert, whereby the same Robert remains against the said Jacob therein undefended, wherefore," &c. &c.　A *ca. sa.* had issued on the judgment, and a *scira facias* against the special bail.

Messrs. Thomas and S. Levy, objected that the proceedings were irregular on the face of them.　It ought to appear when the declaration was filed, and there should not have been a judgment taken without a rule to plead according to the 26th and 28th rules respecting the practice of the Common Pleas.

Mr. Rawle, for the defendant in error, contended, that the judgment as entered, was conformable to the precedents in the books of entries.　Lilly's Ent. 137.　Judgment by default in covenant. *Ib.* 194, 507.　So in ejectment.　Though the rules concerning the proceedings of the Court of Common Pleas have been settled, yet it is well known, little attention has been paid to them.　If there is any defence, the party shall not be precluded from it in the smallest degree on the *scira facias*.

*Per curiam.*　We are bound to suppose that the declaration was filed in due time, and that a rule to plead was given.　If there was any irregularity in entering the judgment, the party's remedy was confined to an application in the Court of Common Pleas.　There are several proceedings as justifying bail, &c. which the court above cannot enquire into.　We know that it has been the usual practice to enter judgments in the different counties without taking a rule to plead, and it would introduce strange confusion to reverse them on that account.　The bail must be considered as fixed.　If there is any defence on the merits, it is agreed that it shall be fully heard.

Judgment affirmed.